DODGE ET AL., Respondents, *v.* FURBER, Appellant.

**Pleading — Sufficiency — Justice Court — Frauds, Statutes of.**

Where in a justice's court the plaintiffs declared on a promise of the defendant to pay the balance due on a note from one H., if they would deliver to defendant certain negotiable paper H. had left with them as security for the payment of said note, and the defendant answered that he had never given any " written guarantee " to pay said note, and any verbal promise so to do " was merely done in jest," *held*, the answer was frivolous and that the justice properly rendered judgment for the plaintiffs on the pleadings. *Held, also,* that the complaint alleging the deposit of the securities for the purpose above stated by H., the agent of the defendant, defendant's promise to pay the balance due on said note within a reasonable time if plaintiffs would deliver said securities to him, the delivery of the securities, and that he had not paid the same within a reasonable time though requested so to do, states a good cause of action.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Grant county; L. K. CHURCH, Judge.

This was an appeal from a judgment of the district court affirming the judgment of a justice of the peace rendered on the plead-

ings. The plaintiffs Allan C. Dodge and Walter B. Saunders, partners in business under the name of the Merchants' Bank, in their complaint alleged that D. P. Hall, the agent of the defendant Charles M. Furber, executed to them his (agent's) promissory note for $200, with interest thereon at the rate of 12% per annum, and to secure the payment thereof deposited with them "a quantity of valuable negotiable paper;" that afterward in November, 1883, the said defendant informed the plaintiffs that he was the owner of said securities and requested the delivery thereof to him; that he then and there promised to pay the balance due on said agent's note within a reasonable time if the said securities were delivered to him; that relying upon said promise they delivered the securities to him; that the balance due on said note was $83.38; that the defendant had refused to pay the same though frequently requested so to do. The plaintiffs commenced this action in September, 1884. The defendant for answer admitted the giving of the note and the depositing of the securities by the agent, but alleged that he, the defendant, owned the securities, and that they have been deposited with the plaintiffs without his knowledge or consent, and without the authority of the said agent, who held them for collection merely, and on condition that all that were not collected should be returned to him; that he informed the plaintiffs of his ownership of the securities, and the want of authority of the agent to hypothecate them; that he demanded them from the plaintiffs, and they complied with said demand. The answer then set up the following: "Defendant denies that he ever gave plaintiffs any written guarantee to pay, or cause to be paid, any balance due plaintiffs from said D. P. Hall on said two hundred dollar note; any oral or verbal promise to do so was merely done in jest, and without any valuable consideration therefor, and denies that he got possession of said negotiable papers by legally obligating himself, the defendant, all of which was known to plaintiffs herein at the time, to pay or cause to be paid any balance due on said note given by said Hall to the plaintiffs herein, and defendant denies that he owes plaintiffs any sum of money whatsoever by any agreement on his part or otherwise." Then followed a prayer of dismissal.

On the filing of this answer the plaintiffs moved for judgment

on the pleadings "on the grounds that the answer is frivolous, and does not set forth facts sufficient to constitute a defense, and contains no denial of any material allegation of the complaint." The justice granted the motion, " and the defendant having elected not to amend his answer," the justice rendered judgment against him according to the prayer of the complaint. The defendant appealed to the district court and the justice's judgment was affirmed, whereupon he appealed to this court.

*E. M. Bennett, A. B. Melville* and *Campbell & Barnes,* for appellant.

The complaint does not state facts sufficient to constitute a cause of action. The promise to pay Hall's debt was not in writing. §§ 920, 1653, C. C.; Dows v. Swett, 120 Mass. 322; Richardson v. Robbins, 124 id. 105 ; Grover v. Stuart, 40 Mich. 747; Tozer's Estate, 46 id. 299; Krutz v. Stewart, 54 Ind. 182; Weisel v. Spence, 59 Wis. 304 ; Jackson v. Rayner, 12 Johns. 291 ; Watson v. Randall, 20 Wend. 204.    The papers belonged to the defendant, and it was the plaintiffs' duty to surrender them as soon as apprised of the fact. §§ 977, 978. There was, therefore, no consideration for the promise.    Clapp v. Webb, 52 Wis. 642 ; Mallory v. Gillett, 21 N. W. Rep. 428; Deacon v. Gridley, 15 C. B. 295 ; Vanderbilt v. Schreyer, 91 N. Y. 392; Reynolds v. Nugent, 25 Ind. 328; Connover v. Stilwell, 34 N. J. L. 54 ; Mallalieu v. Hodgson, 16 Ad. & El. (N. S.) 689 ; Billings v. Filley, 32 N. W. Rep. 573 ; Withers v. Ewing, 40 Ohio St. 408.

There was a denial that defendant owed plaintiffs. This was sufficient to prevent the rendition of judgment on the pleadings in a justice's court. Lange v. Hook, 7 N. W. Rep. 839; Haight v. Arnold, 12 id. 680 ; Van Dorn v. Tyader, 1 Nev. 380; 1 Estee, 402.

*B. A. Dodge* and *R. B. Tripp,* for respondent.

There was no issue of fact. The answer presented no denial, defense, or counter-claim within section 23, Justices' Code. Plaintiffs' motion was properly granted. Defendant's promise was an original one. §§ 920, subd. 2, 1653, subd. 3, C. C.; Deerings, C. C., § 2794, subd. 3, n.; Farley v. Cleveland, 4 Cow. 432 ; S. C., 9

id. 639 ; Meech v. Smith, 7 Wend. 315 ; Mallory v. Gillett, 21
N. Y. 412 ; Baker v. Bradley, 42 id. 316 ; Dyer v. Gibson, 16
Wis. 557 ; Fitzgerald v. Minessey, 15 N. W. Rep. 233 ; Weisel
v. Spence, 18 id. 165 ; Kelley v. Schupp, 60 Wis. 76 ; Ames v.
Foster, 106 Mass. 403 ; Fullam v. Adams, 37 Vt. 403 ; Brown-
well v. Harsh, 29 Ohio St. 631 ; Nugent v. Wolse, 4 Atl. Rep. 15.

The object was to get the property back, and the amount to be
paid to effect it. was evidenced by Hall's note.    Being negotiable
instruments, the plaintiffs got title upon the deposit, so there is
no force in the argument of a want of consideration.

While oral pleadings in a justice's court are treated with liber-
ality, the rule does not apply when parties appear by attorneys,
and reduce their pleadings to writing. In such case their sufficiency
is determined by the rules applicable in courts of record.    May-
nard v. Tidwell, 2 Wis. 34.    Compare Justices' Code, §§ 21, 23,
and C. C. Pro., §§ 111, 118.    Under these rules and the facts
presented, the judgment ought to be affirmed.

By the COURT :
This case is affirmed, the court being of opinion that the com-
plaint was sufficient, and that the answer was frivolous.    The
plaintiffs' motion for judgment was, therefore, properly sustained.
All concur.